■ TRI-GLOBAL MANAGEMENT CORP., Respondent, v CITIBANK, N.A., Appellant. [833 NYS2d 233]—

In an action to recover damages for violating a restraining notice, the defendant appeals from an order of the Supreme Court, Kings County (Douglass, J.), dated January 9, 2005, which granted the plaintiff's motion for summary judgment and denied its cross motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the plaintiff's motion for summary judgment is denied, and the defendant's cross motion for summary judgment dismissing the complaint is granted.

The plaintiff alleged that the defendant violated a restraining notice the plaintiff served upon the defendant pursuant to CPLR 5222 as part of the plaintiff's ongoing efforts to enforce a judgment it obtained against a nonparty. The Supreme Court erred in granting the plaintiff's motion for summary judgment and in denying the defendant's cross motion for summary judgment dismissing the complaint. The defendant established its entitlement to judgment as a matter of law by demonstrating that the account the plaintiff sought to restrain was not included in a proper restraining notice issued pursuant to the requirements of CPLR 5222. Thus, the defendant had no obligation to freeze the account (*see* CPLR 5222 [b]; *Tri-Global Mgt. Corp. v Richardson*, 25 AD3d 600, 601 [2006]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

The plaintiff's remaining contentions are without merit. Schmidt, J.P., Spolzino, Florio and Skelos, JJ., concur.